IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEEN FRYE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FRANK BISIGNANO, )<br>Commissioner of Social Security, )<br>    Defendant. ) | Case No. 3: 25-cv-00334<br>Magistrate Judge Frensley |

## MEMORANDUM AND ORDER

This action is before the Court pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401, et seq. The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the matter is briefed and ready for disposition. For the reasons set forth below, Plaintiff's Motion For Judgment On the Administrative Record is **GRANTED**, Docket No. 8, and the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

### I. INTRODUCTION

Plaintiff Keena Frye filed her application for DIB on January 13, 2021, alleging a disability onset date of November 16, 2020. (Tr. 15-16). Plaintiff was born on July 13, 1975, and was 45 years old at the time of her alleged onset date. (Tr. 23). She lists the following medical conditions limiting her ability to work: "complex regional pain syndrome, neuropathy, herniated disc, muscle spasms, high blood pressure, anxiety/depression/insomnia, chest pain/reflex sympathetic

dystrophy, and sciatic nerve pain." (Tr. 216).[1] Her application was denied initially and upon reconsideration. (Tr. 15). On August 24, 2023, represented by counsel, Plaintiff appeared before an ALJ for a telephonic hearing. (Tr. 30-54).

On April 12, 2024, the ALJ issued a decision finding Plaintiff was not disabled under the Act. (Tr. 15-25). The ALJ used the five-step sequential evaluation for disability determinations pursuant to 20 C.F.R. § 404.920(a)(4). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her November 16, 2020, alleged onset date. (Tr. 17). At step two, the ALJ found Plaintiff had the following severe impairments: chronic pain, depression, and post traumatic stress disorder (PTSD). (Tr. 18). The ALJ found her other impairments, including diabetes mellitus, hypertension, and degenerative disc disease, were non-severe. (Tr. 18). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one found in the listings in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18-20).

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a range of "light" work as defined under the regulations with limitations.[2] (Tr. 20-23). She could lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand or walk for up to 6 hours each in an 8-hour work-day; push/pull as much as she can lift and carry; occasionally climb ramps, stairs, ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch or crawl; perform simple, routine, and repetitive tasks; can make simple work-related decisions; and have occasional interaction with the general public. Id.

---

1 Docket No. 5 consists of the Administrative Record or Transcript, hereinafter cited as "Tr." Page numbers refer to the bold numbers in the bottom right corner of the page of the record.
2 "Light" work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. § 404.1567.

At step four, relying on VE testimony, the ALJ found Plaintiff was unable to perform her past relevant work as a registered nurse, but was able to perform other work that exists in the national economy such as office helper, mail clerk, and routing clerk. (Tr. 23-24). The ALJ therefore concluded Plaintiff was not disabled as defined under the Act. (Tr. 24).

The Appeals Council denied review. (Tr. 1-5). Accordingly, the ALJ's April 12, 2024 decision stands as the final decision of the Commissioner subject to this Court's review.

## II. REVIEW OF THE ADMINISTRATIVE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of record. Accordingly, this Court will discuss only the record evidence relevant to Plaintiff's appeal.

## III. LEGAL STANDARD

This Court reviews the record to determine: (1) whether substantial evidence on the record as a whole supports the Commissioner's decision, and (2) whether any legal errors were committed in the decision-making process. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). Under the substantial-evidence standard, the court looks to the administrative record and asks whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir. 1999) (citation omitted). "Substantial evidence" is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996).

This Court will not substitute its own findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*,

745 F. 2d 383, 387 (6th Cir. 1984). Even if the evidence supports a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997). The claimant carries the ultimate burden to establish an entitlement to benefits. 42 U.S.C. § 423(d)(1)(A).

## IV. DISCUSSION

Plaintiff contends the ALJ erred in failing to mention, much less discuss, the problems she has due to her complex regional pain syndrome (CRPS). She argues that despite four medical providers diagnosing and treating her for the condition, as well as two state-agency physicians discussing it, the decision fails to identify CRPS as a possible impairment at step two, fails to discuss the applicable Social Security Ruling on it, fails to discuss whether or not it is severe, and fails to account for it in the residual functional capacity. Docket No. 9, at p. 1.

The Commissioner counters that any alleged error on the part of the ALJ in not identifying CRPS as severe is "legally irrelevant." Docket No. 11, at p. 4. The Commissioner argues that although the ALJ did not identify "complex regional pain syndrome" as severe, the ALJ found "chronic pain" was a severe impairment. Docket No. 11, at p. 4. The Commissioner argues the relevant issue before an ALJ is not the name of an impairment but the limitations resulting from that impairment. Id. He argues Plaintiff has not shown that CRPS is significantly different from "chronic pain," and even assuming that these are distinct impairments, Plaintiff's argument would not warrant remand.

The Court disagrees.

Plaintiff was diagnosed with CRPS by four providers: Keith D. Williams, M.D., spine surgeon; Roy A. Schmidt, M.D., anesthesiologist; Alex Walker, advanced practice nurse; and Shanea Hines, family nurse practitioner. Tr. 330, 490, 476-77. At Social Security's request Dr.

Spetzler, an internist, reviewed her file and made inconsistent statements about its presence, opining there was a lack of evidence to support the condition while at the same time citing it as a basis for some of her exertional limitations. Dr. Spetzler noted CPRS is "always difficult to assess." Tr. 68.

Social Security Ruling 03-02p addresses how the Agency evaluates CPRS. *See* SSR 03-2p: Titles II and XVI: Evaluating Cases Involving Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome. SSR 03-2p instructs that it is characteristic of CRPS for the degree of pain reported to be out of proportion with the severity of the injury. Further, SSR 03-2p provides that signs of CRPS "are not present continuously, or the signs may be present at one examination and not appear at another," and that "conflicting evidence in the medical record is not unusual...due to the transitory nature of its objective findings and the complicated diagnostic process involved." Further, SSR 03-2p provides guidance for evaluating the behavioral and cognitive effects of the medications used to treat pain in the context of CRPS.

Here, Kevin Gray, M.D. documented swelling in Plaintiff's left calf that was present eight days after her initial injury. (Tr. 675). The record also documents instances of providers noting that her complaints of pain appear out of proportion to the severity of her injury. (Tr. 490, 773). At the commencement of the hearing, the ALJ asked counsel what the severe impairments were underlying his theory of the case. Tr. 34. Counsel answered that the severe impairments were "primarily complex regional pain complex originating from a crush injury of the left foot that [was] now, to [his] understanding, affecting her entire left side." Id. The ALJ responded affirmatively that he understood. Id. Toward the conclusion of the hearing, counsel and the ALJ engaged in a colloquy. Counsel reiterated that this was a CRPS case, that CRPS is not well understood, that limitations are not measurable and are based on subjective complaints. Tr. 49. The ALJ indicated

he was very familiar with "chronic pain syndrome." Tr. 50.

However, in his decision, at step two, the ALJ found Plaintiff had severe impairments of "chronic pain," depression, and Post Traumatic Stress Disorder ("PTSD"). (Tr. 18). The ALJ found Plaintiff had non-severe impairments of diabetes mellitus, hypertension, and degenerative disc disease. (Tr. 18). At this step, the ALJ failed to mention CRPS at all. If the ALJ concluded that Plaintiff's CRPS was not a medically determinable impairment, the ALJ should have explained the reasons underlying that conclusion and discussed SSR 03-2p. The ALJ mentioned CRPS only in passing, noting that Plaintiff reported CRPS to Dr. Keown at a consultive examination. (Tr. 22). The decision contains no discussion of the condition at step two, even though at least two treating doctors and two other providers had diagnosed her with the condition, and despite counsel's statement to the ALJ at the hearing that CRPS was the severe impairment primarily underlying his theory of the case. In sum, because there is no discussion of CRPS or SSR 03-2p in the written decision, it is impossible to determine whether the ALJ's reasoning and conclusion were a proper application of the regulations and supported by substantial evidence.

After careful review of the record, the undersigned concludes these omissions were error. The court further concludes the ALJ did not engage with SSR 03-2p at all, and this error undermines the ALJ's consideration of Plaintiff's subjective complaints contained in the balance of the decision. *See, e.g., Rice v. Kijakazi*, 2023 WL 7320400 at *5-6 (D.S.C. Oct. 31, 2022)(remanding where it was unclear whether ALJ had considered cautions set out in SSR 03-02p; while there is no requirement that ALJ cite SSR 03-02p in its decision, the decision must be based on the correct legal standard and show applications of the considerations of the ruling); *Keen v. Kijakazi*, 2023 WL 2182966 at *3-4 (M.D. Fla. Feb. 23. 2023) (remanding where ALJ failed to

discuss whether Plaintiff's diagnosed CRPS was a medically determinable impairment without explanation or discussion); *Saffaie v. Berryhill*, 721 F. App'x 709, 710 (9th Cir. 2018) (ALJ's failure to analyze claimant's CRPS diagnosis in accordance with SSR 03-02p was not a harmless error because it is not "clear from the record that [the] ALJ's error was inconsequential to the ultimate nondisability determination."); *Teresa Marie B. v. O'Malley*, 2024 WL 2978636 at * (D. Idaho June 13, 2024) (if ALJ concluded CRPS was not a medically determinable impairment the decision should have explained why); *Cf. Plair v. Commissioner of Social Security,* No. 20-CV-0658-MAP, 2022 WL 703013 (M.D. Fla. Mar. 9, 2022) (holding the ALJ's failure to consider the claimant's CRPS severe at step two was not a basis for remand; the more appropriate question was whether the ALJ had meaningfully considered the claimant's CRPS in light of SSR 03-2p when formulating the RFC and hypothetical to the vocational witness.).

In sum, the decision is not supported by substantial evidence. For these reasons, the Court will reverse and remand the ALJ's decision for further administrative proceedings. The ALJ should reassess the entire record in making the disability determination on remand.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings Docket No. 8, is **GRANTED.** The decision of the Commissioner is **REVERSED AND REMANDED** under Sentence 4 of Title 42, United States Code, § 405(g) for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**